## James Cline v. Rollin B. Hubbard and others.

*Replevin : Contract construed : Title : Evidence.* Cline was getting out logs for Hubbard & Co., and they had furnished and agreed to furnish him certain supplies. A contract was executed between them in August, 1872, which provided, among other things, that if Hubbard & Co. furnished teams for Cline, he should give them security for their advances. They let him have a pair of horses, sleighs, harness, etc., for which Cline and his brother, in December, 1872, receipted, with an agreement to return them on demand in as good order as received, to make good any loss or injury happening to the same, to pay a suitable price for the use thereof, and also to buy said property of Hubbard & Co., "if they so elect, and pay them three hundred and forty-one dollars, and interest from this date until the day of sale and payment." In an action of replevin brought by Hubbard & Co. against Cline for said property, it was held that the last named contract was entirely unambiguous, and that it was

CLINE *v.* HUBBARD.

quite immaterial whether it was given in furtherance of the previous contract, which contained no agreement to furnish teams, and no provision as to the terms on which they were to be taken, if furnished; that it spoke for itself, and did not convey the title to the property described in it.

*Written contracts: Oral evidence.* Evidence of contemporaneous understandings is inadmissible to vary a written contract.

*Contracts: Evidence.* Proof of the performance by Cline of the earlier contract would have no bearing whatever upon his rights under the later special agreement, relating to the specific property in question, and to nothing else.

*Statement of account: Evidence: Election: Sales.* Evidence that Cline received from Hubbard & Co.'s bookkeeper a statement of account of supplies furnished by them, in which this property is charged to them "on conditions," at the sum of three hundred and forty-one dollars and forty cents, at least in the absence of any showing that the bookkeeper acted with the knowledge or authority of his employers in entering this item, is held no proof of an election by Hubbard & Co. to sell the property to Cline under said agreement.

*Sales: Election: Evidence: Entry on books: Conditional charge.* Such an election would not be likely to be left in the shape of an entry in their own books, which might or might not come to the knowledge of the other party within any reasonable time, or at all; and if it would, this entry is itself a conditional, and not an absolute charge, and cannot, therefore, be treated as any evidence of an intent to discharge or terminate the conditions of the special agreement.

*Evidence: Election: Sales.* The omission of Hubbard & Co. to include this property in their list for assessment of taxes could have no force as evidence of an election on their part, under their agreement with Cline, to sell him such property.

                                        *Heard January 22.   Decided January 26.*

Error to Huron Circuit.

*George S. Engle,* for plaintiff in error.

*Pond & Brown* and *F. A. Baker,* for defendants in error, were stopped by the court.

CAMPBELL, J.

R. B. Hubbard & Co., the defendants in error, recovered in replevin for certain horses, sleighs and fixtures, which Cline claimed to own under dealings had previously between them. Cline was getting out logs for Hubbard & Co., and they had furnished and agreed to furnish him certain supplies. A contract was made in August, 1872, which among other things contained the following clause: "If the party of the first part shall furnish the teams for the second party, they shall give security to the first party for such advances." In December, 1872, Cline and his brother exe-

cuted the following agreement concerning the property replevied, which the proof showed was put in their possession at the same time: "Huron City, December 11th, 1872. Received of R. B. Hubbard & Co., one pair of horses, one set of bob-sleighs, two binding chains, one set of harness, one set double and single trees, with chains, which we are to return to them on demand, in as good order as received. If either of the horses or other property is injured, or the horses or either of them die, we are to pay said R. B. Hubbard & Co. for all such damage or loss; also a suitable price for the use of the same. We also agree to buy said horses, sleighs and other fixtures, of said R. B. Hubbard & Co., if they so elect, and pay them $341, and interest from this date until the day of sale and payment. The above described sleighs, horses, etc., are those bought of Clark Haywood, of Port Hope, Michigan, on the 10th day of December, A. D., 1872. [Signed] James and Nathaniel Cline. Witnesses, C. E. Thompson, T. J. Groat."

The defendant in replevin sought to make out title in himself; *first,* by connecting the two written contracts and making the second security for the former; *second,* by contemporaneous parol agreement to that effect; *third,* by proof that the Hubbards had elected to sell, which he sought to show by different acts and admissions. The rulings complained of bore on these questions.

The contract of December 11th was entirely unambiguous, and whether given in furtherance of the previous contract or not, was quite immaterial. It speaks for itself. But the previous contract contained no agreement to furnish teams, and no provision as to the terms on which they were to be taken if furnished. It left that entirely open.

It is also elementary that no proof of contemporaneous understandings could vary the written contract, the object of which must be considered to be the preclusion of parol evidence by the certainty of the writing.

For similar reasons, proof of the performance by Cline of the earliest contract could have no bearing whatever

upon his rights under the special agreement in December, which related to the property in litigation, and to nothing else.

Evidence was also received that the Clines received from Hubbard & Co.'s book-keeper, a statement of account containing, among other items, the following among the debits:

"Horses, sleighs, etc., from Haywood, on conditions, $341 40." This was contained in a statement of supplies, given to the Clines on their application to the book-keeper, about six weeks after the team was delivered.

We think the court properly held this was no proof of election. It is probable, from the proofs, that the book-keeper acted entirely without the knowledge or authority of his employers in entering this item. This, if important, would have been for the jury. But, even if the entry had been in a more positive form, it is not the way in which an election would naturally be signified. If an election were to be made, it would be by some act or notice communicated to the Clines to inform them distinctly, so as to be beyond recall. It cannot be supposed it would be left in the shape of an entry in their own books, which might or might not come to the knowledge of the other party within any reasonable time, or at all.

This entry, however, is itself a conditional, and not an absolute charge, and cannot therefore be treated as any evidence of an intent to discharge or terminate the conditions. It is of no meaning except as a memorandum which does not explain itself, and refers to the contract for explanation.

The only other evidence of election was the omission of the Hubbards to include the property in their list for assessment of taxes. We can see no force in this omission.

There was nothing erroneous in the rulings, and the judgment must be affirmed, with costs.

COOLEY, J., and GRAVES, Ch. J., concurred.

CHRISTIANCY, J., did not sit in this case.