# OCTOBER TERM, 1894.*

OLIVER N. TAYLOR v. THE BUTTERS & PETERS SALT & LUMBER COMPANY.

*Sale — Recoupment — Pleading — Evidence— Damages — Estoppel— Payment.*

1. A defendant is bound by his notice of recoupment, and cannot enlarge its scope by claiming damages not specified therein; citing *Canal Co. v. Roberts,* 72 Mich. 49.

2. Where a contract for the sale of all of the slabs, edgings, and pieces trimmed from the lumber which the vendor's mill might cut during the ensuing season fails to specify the lengths into which the material is to be cut, it will be assumed that it is to be of the lengths known to be produced by the vendor at his mill, and the vendee cannot, by notice to the vendor, change the contract so as to require him to cut the material of a length fixed in said notice.

3. A contract for the sale of a quantity of slabs, edgings, and lumber trimmings provided for their delivery, piled on scows in reasonable condition for measurement, and gave the vendee the privilege of doing the piling, provided the cost was not thereby increased to the vendor. And it is held that this provision must be held to have been inserted for the purpose of giving the vendee the right to pile the material if dissatisfied with the manner in which the work was being done by the vendor; that the vendee cannot ignore it, and make no objection to the manner of doing the work while it is being done, and then seek damages on account of being compelled to employ extra hands in unloading the scows in consequence of the bad piling.

4. Payments were to be made the first of each month for the material delivered during the previous month. Each party made measurements as the material was delivered. And it is

* Continued from Vol. 102.

held that if the vendee rendered monthly statements, showing his measurements, and accompanied each statement with a check for the amount shown to be due, and the vendor received the statements and checks without objection, and remained for any considerable time silent, and appropriated the proceeds of the checks without objecting to the vendee's measurements, the vendor is estopped, in the absence of fraud or mutual mistake, from afterwards questioning said measurements.

Error to Mason. (McMahon, J.)    Argued October 12, 1894.   Decided December 7, 1894.

*Assumpsit.*   Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*Bishop & Hutton (Dovel & Smith,* of counsel), for appellant.

*E. N. Fitch,* for plaintiff.

GRANT, J.   On March 11, 1893, the plaintiff and defendant made a written contract, by which the plaintiff agreed to sell to the defendant, for its own consumption only, all the slabs, edgings, and pieces trimmed from the lumber which his mill might cut during the season of 1893; to deliver them, properly piled, on scows alongside its mill dock, at the point designated by it; and the defendant agreed to pay for the same 80 cents per cord. It was understood that they were to be measured upon the scows, and were to be piled thereon by the plaintiff in reasonable condition for measurement.   Payments were to be made the first of each month for the materials delivered during the previous month.   Delivery was commenced April 24.   Previous to May 5 the defendant made complaints to plaintiff that the scows were not properly loaded. Plaintiff then made a change for the better in loading, and no complaint was afterwards made until the close of the season.   Each party made measurements as the material

was delivered; the plaintiff's measurements making 8,702 103-120 cords, the defendant's measurements making 7,591 1-6 cords. The defendant paid each month according to its measurements. This suit is instituted to recover the balance claimed to be due. The defendant, with its plea of the general issue, filed notice of recoupment for failure on the part of the plaintiff to perform his contract. Plaintiff's claim was $1,274.95, which included two small items about which there is no dispute. He recovered a verdict and judgment for $1,151.53.

1. The first assignment of error is that the court erred in refusing to permit the defendant to show, upon cross-examination of plaintiff's agent, how much of the entire quantity of slabs, edgings, and lumber trimmings was four feet long. The contract contained no specification as to the length of the material. It is, however, claimed that the parties placed a practical construction upon the contract, and the defendant's counsel, when the question was asked, stated that the material, according to his version of the contract, was to be four feet long. The defendant received and used the entire material furnished. Its notice of recoupment is very full and explicit, containing five counts. In this notice no claim is made for damages on account of the material being in excess of four feet for any other reason than that it could not, for that reason, be correctly piled, and could not be unloaded without great loss of time, and that by reason thereof the carriers became choked and clogged, and the carrier chains broken. The defendant is bound by this notice, and cannot enlarge its scope by claiming damages not specified therein. *Delaware & Hudson Canal Co. v. Roberts,* 72 Mich. 49. The testimony sought to be elicited was not essential to a determination of the question of piling and measuring. The defendant gave no evidence to show that its carriers

were clogged or the chains broken. There was no error, therefore, in its exclusion.

2. The same reasoning applies to the exclusion of a letter written by the defendant to the plaintiff July 10. It reads as follows:

" We have just ordered for the stave machine an attachment for making 2-inch staves. We will therefore require all of the edgings cut to 31 inches. The writer has on several occasions requested this, thinking you would decide that it was only our due that you should make the change in your trimmer to cut to 31 inches, as our claim under the contract is that we are not to take anything but four feet. While you are cutting the slabs 31 inches, as requested by us, we are perfectly willing to take the slab trimmings; but if you do not see fit to make the change to cut the edgings 31 inches, we will have to request you to keep the shorter pieces out, as we will not pay for them. We request your immediate decision in this matter, as, on the commencing of your mill, we will positively refuse to accept of anything shorter than four feet in the edgings."

As already noted, the contract did not specify the lengths. They were undoubtedly to be of the length known to be produced by the plaintiff at his mill. The defendant could not by notice change the contract. The court, at the request of the defendant, charged the jury that it was not bound to receive or pay for any part of the slabs, edgings, and lumber trimmings that were too short to pay for handling, and that were not regarded by the parties as coming under the terms of the contract. We are unable to see that this letter would have afforded the jury any light upon the question in controversy.

3. It is next insisted that the court erred in instructing the jury that the defendant's claim for damages, for extra expense in unloading the scows on account of bad piling, could not be allowed, because (1) under the contract the privilege was given to the defendant to do this piling,

provided the cost was not increased to the plaintiff; and (2) because, after May 5,—about 10 days after work commenced,—no protest whatever was made by defendant as to the manner of piling, and no mention was made of any such claim until after this suit was brought. The precise claim of the defendant is that it was compelled to employ extra hands in unloading the scows in consequence of the bad piling. We hold the instruction correct. The mills of both parties were in close proximity. This provision of the contract must be held to have been inserted for some purpose. We conceive none, unless it be to give the defendant the right to pile if it should be dissatisfied with the manner in which the work was done by the plaintiff. The law will not permit it to ignore this provision, to make no objection to the manner of doing the work while it was being done, and then seek damages for piling in a manner not contemplated by the contract. The learned circuit judge, at the request of the defendant, instructed the jury that it was the duty of the plaintiff to do the piling in a reasonably careful and workmanlike manner, so that measurement could be reasonably made, and under a very careful and fair charge left to them the determination of the amount delivered.

4. It is alleged that the court erred in refusing the following requests of the defendant:

"If in this case you find that the defendant furnished monthly statements showing the measurement of the slabs, edgings, and lumber trimmings received by it, accompanied with checks covering the amount of such monthly statements to plaintiff, which were received by him without objection for a time, he would be estopped by his silence from questioning such measurements.

"The furnishing of statements by the plaintiff, showing a contrary amount of slabs, edgings, and lumber trimmings delivered, will not be considered by you as an objection on his part to the measurement of defendant until after such

statements were actually furnished, which, under the evidence, was not actually done until the 28th of July."

Upon this subject the court instructed the jury that if they found that the defendant rendered monthly statements, showing its measurements, and accompanied each statement with a check for the amount shown to be due by it, that plaintiff received these without objection, and remained for any considerable time silent, appropriating the proceeds without objection to the measurements, he would be estopped by such silence from afterwards questioning them, in the absence of fraud or mutual mistake. There was conflict of evidence upon this subject, and it was recognized as a proper question to be submitted to the jury. The charge of the court was a correct statement of the law.

Judgment affirmed.

The other Justices concurred.