CHURCH *v.* CASE. -

110    621
125    216
110    621
s68NW  424
e133   657

MORTGAGES—CONSIDERATION—PAROL EVIDENCE.

   Parol evidence is admissible to show that a mortgage, purporting to have been given for the purchase price of land, was in fact made without consideration, for the purpose of satisfying the mortgagee's relatives and of protecting the interests of the mortgagor, and that it was agreed that it should never be enforced.

Appeal from Barry; Padgham, J., presiding. Submitted June 20, 1896. Decided October 6, 1896.

Bill by Adelbert Q. Church and wife against Abner Case to restrain the foreclosure of a mortgage. From a decree dismissing the bill, complainants appeal. Reversed.

*Taggart, Knappen & Denison*, for complainants.

*Philip T. Colgrove*, for defendant.

MOORE, J. This is a bill in chancery, filed by complainants, husband and wife, in which it is averred that defendant, who is an uncle of Adelbert Q. Church, is seeking to foreclose a mortgage on the farm where the complainants live. It is claimed in the bill that in 1887 the complainants were living in Illinois; that they were poor, and had a large family; that the defendant was a man of considerable property; that Adelbert Church had for many years been supporting his mother, who for part of the time was bedridden; that his mother was a sister of defendant; that the defendant had promised complainants to pay them generously for supporting the mother; that defendant came to complainants in Illinois, and, in fulfillment of his promise to pay them for what they had

done for the mother, proposed that if they would move upon a farm which defendant owned in Barry county, Mich., and would reside there, and continue to support the mother, he would convey the farm to Adelbert, and assist him to start in farming; that said offer was accepted, and complainants took possession of the farm; that in pursuance of said agreement, on May 19, 1887, defendant deeded the farm to Adelbert Q. Church, who, with his family, has remained in possession ever since.

The bill further alleges that after complainants had gone into possession of the farm, and at the time the deed was made, defendant requested that a mortgage be made to him for $6,000, to stand in form as a purchase-money mortgage; that it was to be simply a form, and to satisfy other members of the family, who would object if the farm was conveyed outright to complainants, and was to be used to protect the interest of the complainants, but that it was agreed that the mortgage should not take effect as a mortgage, nor should complainants ever be called upon to pay it, and that it should be canceled at or before defendant's death; that complainants had never seen the farm until they came to live upon it, and that it was not worth more than $1,500 or $2,000, and that the use of it for several years would not be worth more than the taxes came to; that complainants, relying upon the representations of defendant, consented to make the mortgage, and have made large improvements on the farm; that defendant visited complainants twice a year, and encouraged them to make the improvements; that defendant never asked complainants to pay either principal or interest.

The bill further alleges that in 1891 defendant represented to them that because of the new tax law, taxing mortgages, a new mortgage should be made, to avoid taxation on the mortgage, and that the new mortgage should take the place of the old one, and should not be enforced; and that, relying upon that statement, a new mortgage was made for the amount of the old mortgage, with interest added. It is also alleged that, without any

notice to complainants, defendant commenced proceedings to foreclose the last-named mortgage; that if sold, either by foreclosure or at private sale, the farm would not bring one-half the amount of the mortgage, and, if the foreclosure proceeded, complainants would not only lose their farm, but six years' labor, with the expenses involved in moving from Illinois, and the cost of the support of the mother, and a debt would exist against Adelbert Q. Church for the deficiency. The bill prayed that defendant be enjoined from foreclosing the mortgage, that it might be declared void and canceled, and that the title to the farm in fee simple be decreed to be in Adelbert Q. Church.

The defendant, in his answer, denied the averments of fact in the bill, and insisted that he sold the farm to Adelbert Q. Church, for $6,000, and that the mortgage represents the unpaid purchase price of the farm. The bill was dismissed in the court below, and complainants appeal.

We think the complainants have shown, by a very strong preponderance of testimony, the truth of the material averments made in the bill of complaint. It is made to appear that, as early as when Adelbert Q. Church was but 14 years old, his mother had a sunstroke, and became bedridden for several years; that, from that time until now, she never has been able to do very much to help herself, and that Adelbert has been a devoted son to her; that his uncle has assisted from time to time in caring for the mother; that he expressed his willingness to do so. The testimony that he promised to convey the farm as stated in the bill comes from a good many witnesses, and is confirmed by the fact that the consideration in the deed and first mortgage is stated at $6,000, when the testimony shows that the farm was not worth more than half of that amount, and by admissions made by defendant on the cross-examination, and also by the fact that, though the mortgage was past due, no demand had been made for either principal or interest; so that we

have no difficulty in concluding that complainants ought to have the relief prayed for, unless there are legal difficulties in the way of granting such relief.

It is urged by counsel for defendant that the court cannot give the decree asked for by the complainants, because the parties have seen fit to reduce their agreement to writing, by making the deed and mortgage, and that these papers must be deemed to express fully their understanding. It is urged that all the parol evidence in relation to the agreement of the parties was incompetent; that "evidence of contemporaneous understandings is inadmissible to vary a written contract,"—citing *Adair* v. *Adair*, 5 Mich. 204 (71 Am. Dec. 779); *Martin* v. *Hamlin*, 18 Mich. 354 (100 Am. Dec. 181); *Cline* v. *Hubbard*, 31 Mich. 237; *Cook* v. *Brown*, 62 Mich. 473 (4 Am. St. Rep. 870); *Cohen* v. *Jackoboice*, 101 Mich. 409; and other cases. We do not think any of these cases are necessarily conclusive against the claim of the complainants. In *Atwood* v. *Gillett*, 2 Doug. (Mich.) 218, the rule is stated to be that—

"Where parol evidence is offered to show that the written contract is void or not of binding force, it is admissible; but, if the object be to prove that it was intended to mean something different from what its language imports, it is inadmissible."

In *Bush* v. *Merriman*, 87 Mich. 268, it is held that—

"When the question is, not what the terms of the written contract are, but whether the contract as written was entered into or whether it was obtained by fraud, or is founded in surprise, accident, or mistake, these subjects of inquiry are open to parol testimony, irrespective of what the writing contains."

In the case of *Cutler* v. *Steele*, 93 Mich. 208, it was stated:

"The real inquiry upon the hearing was whether or not there was a valid consideration for the mortgage; and parol evidence was admissible to show the true character of the mortgage, and for what purpose and consid-

eration it was given. This inquiry was proper to be made.  1 Jones, Mortg. § 379."

See, also, *Holland* v. *Hoyt*, 14 Mich. 242.

It is not the claim here that the mortgage was not written just as the parties intended, but it is the claim that it never was to be enforced as a mortgage; that, in fact, its execution was a mere form, and that it was not to be enforced.  The parol proof sustains that claim. The deed was made in pursuance of the agreement made in Illinois to make it if the complainants would come on and take possession of the farm.  That contract was neither abandoned nor rescinded, but, on the contrary, was carried into effect.  The complainants leaving their home in Illinois, and going upon the farm, as they agreed to do, and the defendant making the deed as he agreed to do, completed that transaction.  If the complainants' proof is to be believed, the consideration of the mortgage was not the purchase of the farm, but it was made without consideration, and for the purpose of satisfying the relatives of the defendant, and to protect the interests of the complainants.  The case of *Colt* v. *McConnell*, 116 Ind. 249, is a case almost parallel to the case at issue.  In that case it was held that parol testimony was competent to show the consideration of the mortgage; that it was proper to prove the details of the transaction and the attendant circumstances, and to give evidence of the conduct and circumstances of the parties.  A case even more in point is the recent case of *Baird* v. *Baird*, 145 N. Y. 659.  In that case there is a full and interesting discussion of the principles involved in this case.  It will not be necessary to repeat the discussion here, further than to say that it was held that it was competent to show by parol, where a father had deeded to each of his two sons an undivided half of a farm for $2,500, and taken back from each of them a mortgage of $1,500, that the mortgages were executed because the father feared the sons might not be able

to take care of the property, but might lose it in speculation or otherwise; that the mortgages were taken for their protection, and not to secure any actual debt. In that case the mortgages were held to be void. The cases mentioned ought, in our judgment, to control this case.

The decree dismissing the bill of complaint is reversed, and one should be entered decreeing the mortgage to be void, and the title of the farm described in the bill of complaint to be in the complainant Adelbert Q. Church. Complainants should have costs of both courts.

The other Justices concurred.