BREITENWISCHER *v.* CLOUGH.

1. PAROL EVIDENCE — DEEDS — CONSIDERATION — OWNERSHIP OF CROPS.

Parol evidence is admissible to establish an agreement by a grantee to allow the grantor, as part consideration for the deed, the privilege of sowing and raising for his own use a crop of grain upon the land conveyed. *Adams* v. *Watkins,* 103 Mich. 431, distinguished.

2. REPLEVIN—DEMAND—WHEN NECESSARY.

One who claims grain by virtue of an alleged agreement for the working of his land on shares is relieved from the necessity of making a demand before bringing replevin if the person sowing the grain converts the entire crop to his own use, and denies the contract under which the plaintiff claims.

Error to Washtenaw; Kinne, J. Submitted October 20, 1896. Decided December 1, 1896.

Replevin by Henry Breitenwischer against Elmer Clough. From a judgment for defendant, plaintiff brings error. Reversed.

*A. F. & F. M. Freeman,* for appellant.

*Thomas D. Kearney* and *Thomas A. Bogle,* for appellee.

HOOKER, J. Plaintiff, a mortgagee of the premises, took a conveyance of a farm from a grantee of the mortgagor. At the time of the transfer the grantor's son, the defendant, lived upon the place, and plaintiff claimed that, a few days later, the plaintiff went to the farm, where a talk was had between the plaintiff and defendant. The parties disagree about the nature of this transaction. The plaintiff claims that he then contracted to allow the defendant to put in a crop of wheat for one-third of the

crop, to be delivered in the half-bushel, upon the place, and defendant was to remain in the house until April 1st following. The defendant claims that nothing was said about his putting in the wheat on shares, or renting the place; that his possession was out on April 1st; and that all that was said in the conversation about the wheat was that defendant said he was going to put in 20 or 25 acres, and plaintiff said that he must "put it in good, because he wanted to seed it down." The defendant further asserted that, when the deed was made, as consideration therefor, the plaintiff agreed that he would allow the defendant's father to grow 20 or 25 acres of wheat upon the place, and that this inured to defendant's benefit.

Upon the trial, counsel for the defendant offered to prove this state of facts, but it was excluded by the court, and the plaintiff claims that it was error for the court to permit the statement to be made. The theory upon which this testimony was excluded appears to be that such arrangement was a contradiction of the deed, and therefore its admission would have the effect of varying the deed by parol testimony, as in case of *Adams* v. *Watkins*, 103 Mich. 431. We think the cases are plainly distinguishable. In that case a majority of the court were of the opinion that the arrangement claimed to have been made was, in effect, a parol reservation of a growing crop. In this case there was no growing crop, and, so far as appears, the deed was intended to convey the entire title. As a consideration for such conveyance, the plaintiff agreed to allow the defendant's father to sow and raise a crop within the year following. This was a contract, performed on one side, for an executory promise, unperformed on the other. Had the plaintiff prevented the raising of the crop, an action upon the contract for damages for its breach would have been properly brought. But he was permitted to sow, and the defendant thereby acquired rights in the crop. It is much like a case where one says, "If you will deed me your house and lot, I will let you move into it for six

months." If, after this arrangement should be carried out by the parties, the owner should bring an action for six months' rent, he would not be allowed to recover. In other words, the executory contract was oral, as such usually are. On the one hand, it was carried out by making the deed. On the other, the grantor was permitted to raise a crop. There was no reservation of any interest in the premises, but reliance upon a promise to permit the raising of a crop, which was a promise that the grantee might make, although he had not acquired the title. *Dayton* v. *Dakin's Estate*, 103 Mich. 73. It would, therefore, have been proper testimony in the case.

The defendant harvested and removed the crop from the premises, claiming to own it, and the plaintiff replevied one-third of the crop, which was being threshed at the time of the issuance of the writ. The defendant was not permitted to show that he owned the wheat, as already stated, but it was left to the jury to find whether a demand was made before suit, upon the instruction that plaintiff could not recover without a previous demand. It is plain that the defendant was disputing the plaintiff's title, by denying the contract under which plaintiff claimed a right to a share of the crop, under circumstances which showed that he had converted the entire crop to his own use. Demand, in such a case, was an idle ceremony, and was unnecessary. If plaintiff's claim was true, the defendant had a right to the custody of his one-third only for the purpose of threshing and delivery; and when he removed it, for the purpose of preventing the plaintiff from obtaining such share, with the intention of keeping it, under a denial of plaintiff's claim, and upon a claim of ownership, he was in a similar position to a bailee who sets up a claim of ownership against the true owner. Such a claim was inconsistent with the hypothesis that he would deliver the wheat upon demand, which rendered a demand unnecessary. Wells, Repl. § 374; Cobbey, Repl. § 448, and cases cited; *Byrne* v. *Byrne*, 89 Wis. 659; *Hyland* v. *Manufacturing Co.*,

92 Wis. 157; *Carl* v. *McGonigal*, 58 Mich. 567; *Whitney* v. *McConnell*, 29 Mich. 12.

We cannot determine that the defendant was right in his contention as to ownership, or that the case did not turn upon the want of a demand, and hence must reverse the judgment. A new trial is ordered.

The other Justices concurred.