FORD *v.* SAVAGE.

1. DEEDS—CONSIDERATION—PAROL EVIDENCE.

   Parol evidence that a bargain for an exchange of lands
   contemplated the payment by one party of interest on mort-
   gages on the property conveyed by him, and the assumption
   of the principal only by the other party, is admissible as
   showing the consideration of the conveyance by the latter,
   although the deed to him excepted the mortgages from the
   covenant of warranty, without any qualification in regard to
   interest.

2. EVIDENCE—ADMISSIONS.

   An attorney in foreclosure proceedings may, in a subse-
   quent action involving the question of liability for the inter-
   est as between the mortgagor and a grantee of the premises
   subject to the mortgage, testify to statements of the mort-
   gagor tending to support the theory that he agreed to pay
   the interest.

3. SAME—WITNESSES—USE OF MEMORANDA.

   A computation made by such witness when the mortgage
   was in his hands for foreclosure may be referred to by him in
   testifying to the amount due thereon.

Error to Kent; Grove, J. Submitted November 12,
1896. Decided December 9, 1896.

*Assumpsit* by John H. Ford against Emeri J. Savage
for money paid in discharge of certain mortgages on land
conveyed by defendant to plaintiff. From a judgment
for plaintiff, defendant brings error. Affirmed.

*C. H. Gleason* (*Arthur Lowell,* of counsel), for appel-
lant.

*Lombard Brothers,* for appellee.

MOORE, J. The statement of facts prepared by coun-
sel for defendant is so terse and clear that it is adopted
here:

"This is an action of *assumpsit.* Prior to March 14, 1892, plaintiff was the owner of a house and lot in the city of Grand Rapids, Mich., incumbered by a mortgage of $1,850, and some accrued interest and back taxes, which he had placed in the hands of Averill & Frary, real-estate agents, for exchange for property with less incumbrance. Defendant was the owner of a house and lot in Coopersville, Mich., incumbered by two mortgages,—one of $200 and one of $300, each with some accrued interest. Through the efforts of the real-estate agents an exchange of these properties was effected, the deeds being executed and delivered March 14, 1892. The deed from defendant to plaintiff was an ordinary warranty deed, and the covenants in the deed read as follows: 'And the said Emeri J. Savage and Eunice Savage, his wife, parties of the first part, their heirs, executors, and their administrators, do covenant, grant, bargain, and agree to and with the said party of the second part, his heirs and assigns, that at the time of the ensealing and delivery of these presents they are well seised of the above-granted premises in fee simple; that they are free from all incumbrances whatever, except two mortgages (one of three hundred dollars, and one of two hundred dollars) given to Isaac Manchester, of Coopersville, Michigan; and that they will, and their heirs, executors, and administrators shall, warrant and defend the same against all lawful claims whatsoever, except two mortgages (one of three hundred dollars, and one of two hundred dollars) given to Isaac Manchester, of Coopersville, Ottawa county, Michigan.'

"Plaintiff's claim was that defendant was to take his property subject to the mortgage of $1,850, the accrued interest, and back taxes, and give him in exchange therefor $200 and the Coopersville property, subject to the principal, only, of the mortgages of $200 and $300 mentioned in his deed, and that defendant was to pay, not only the interest accrued on them at the time of the trade, but as well what would accrue to the 9th day of April, 1892. Defendant admitted the bargain was as stated by plaintiff, except as to the interest on his mortgages. He paid plaintiff the $200, and deeded him his Coopersville property subject to the two mortgages, but did not pay any interest on them, claiming the bargain was that plaintiff was to take his place subject to the mortgages and accrued interest. March 30, 1892, the interest not having been paid, foreclosure proceedings

were begun on these mortgages. July 5, 1892, plaintiff paid the mortgages, including the costs of foreclosure. He afterwards brought this suit, and was permitted to recover a judgment, against defendant, for the interest claimed to have accrued on these mortgages to the 9th day of April, 1892, being interest claimed to have accrued at the time of the exchange and for 26 days thereafter. This judgment defendant seeks to have set aside."

The jury, under the rulings and instructions of the court, found for the plaintiff; and it is those rulings and instructions of which defendant now complains, and which he asks this court to review.

The first group of assignments of error relates to the opening statement of counsel. A great deal was said by the attorney for the plaintiff in his opening that it would have been well to leave unsaid, but we do not think what was stated was so prejudicial as to justify us in reversing the case for that reason alone.

The assignments of error that next require discussion relate to the admission of oral testimony of the agreement of defendant to pay, not only the accrued interest on the two mortgages, but also the interest up to April 9, 1892. Counsel insist—*First*, that it is an attempt to vary the terms of a written agreement; *second*, that it is an agreement in regard to real estate, and, to be binding, must be in writing; and, *third*, that the deeds themselves were the final agreements about the exchange, in which all prior or contemporaneous agreements merged; citing *Cook* v. *Bell*, 18 Mich. 393; *Abell* v. *Munson*, 18 Mich. 306 (100 Am. Dec. 165); *Vanderkarr* v. *Thompson*, 19 Mich. 85; *McEwan* v. *Ortman*, 34 Mich. 327; *Adams* v. *Watkins*, 103 Mich. 431. It is undoubtedly the rule in this State that you cannot vary the terms of a deed by parol, and that a conveyance of an interest in real estate must be in writing to be of binding force; but we do not understand that this was the purpose of the testimony. It was sought to show by the testimony what was the actual consideration for the giving of the deed. Our understanding is that parol testimony is competent to show

the consideration for a deed.  See *Doty* v. *Martin*, 32 Mich. 462; *Strohauer* v. *Voltz*, 42 Mich. 444; *Dean* v. *Adams*, 44 Mich. 117; *Hyler* v. *Nolan*, 45 Mich. 357; *Flynn* v. *Flynn*, 68 Mich. 20.  These cases are in point, and establish the correctness of the ruling of the trial judge.

Upon the trial, Mr. Goodrich, who was the attorney in the foreclosure proceedings, was allowed to testify what defendant told him about paying the interest.  We think this competent, as bearing upon the theory of plaintiff that defendant had agreed to pay the interest.  Mr. Goodrich was also allowed to testify that he made a computation of the amounts due on the mortgages at the time they were discharged and paid, and made a memorandum thereof, which he produced, and from which he testified how much was due on the mortgages.  It is said that the mortgages ought to have been produced, and that Mr. Goodrich had nothing present to base any figures upon, so that it could be told whether or not they were correct. Mr. Goodrich was cross-examined at length about his knowledge of the amount due on these mortgages, and, while it appeared that he was not present when the payments were made, and could not remember what indorsements were made on the mortgages, it was made to appear that the computation was made while the mortgages were in his possession and in process of foreclosure, and for the sole purpose of learning how much was due upon them. We think Mr. Goodrich was shown to have sufficient knowledge of the subject about which he was testifying to make him a competent witness.  It might be suggested, in this connection, that Mr. Savage was a witness, and was examined about the two mortgages and his payments thereon.  He did not contradict the testimony of Mr. Goodrich as to the amount due.

The other assignments of error have had consideration, but we do not deem it necessary to discuss them here.

The judgment is affirmed.

The other Justices concurred.