CLARK *v.* LOWE.

DEEDS— CONSIDERATION — ASSUMPTION OF INDEBTEDNESS — PAROL EVIDENCE.

   A grantee under a deed by which he assumes, as a part of the consideration, the payment of one-third of the indebtedness of a certain business, may show by parol, in an action by him against his grantor to recover an excess of moneys so paid, that the debts which he assumed were agreed to amount to a certain sum, while in fact they exceeded it.

Error to Eaton; Smith, J.    Submitted April 14, 1897. Decided June 7, 1897.

*Assumpsit* by Frank B. Clark against Egbert W. Lowe for moneys paid to defendant's use.    From a judgment for plaintiff, defendant brings error.    Affirmed.

Plaintiff and defendant exchanged real estate, and each executed to the other the proper deed of conveyance.    In the deed from defendant to plaintiff the consideration was expressed at $3,000.    The deed contained the following: "The said Frank B. Clark hereby assumes, in considera-

tion herein set forth, and hereby agrees to pay, the undivided one-third of all debts, dues, and demands against said Sunfield Milling Company." The property conveyed by the defendant to plaintiff was a one-third interest in the flouring mill, a house and lot, and a one-third interest in the accounts of the Sunfield Milling Company, a copartnership of which defendant was a member. Plaintiff claimed and was permitted to show that the debts, one-third of which he assumed, were agreed at the time to be $1,420.25; that, in point of fact, they exceeded that amount; and that he paid the actual amount. He brought this suit to recover the excess so paid. He recovered a verdict of $116.14. No fraud is charged, but plaintiff gave evidence tending to show a mistake in two or three items, the principal one being that one debt was included in the statement at $2.67, while in fact it was $267.

*Garry C. Fox*, for appellant.

*McPeek, Jones & Dann*, for appellee.

GRANT, J. (*after stating the facts*). The defendant contends that the agreement was set forth in the deed, and that this agreement cannot be varied by parol. We think the case is ruled by *Bowker* v. *Johnson*, 17 Mich. 42, and *Ford* v. *Savage*, 111 Mich. 144.

The judgment is affirmed.

The other Justices concurred.