## ECKLER *v.* ALDEN.

DEEDS—RECITAL OF CONSIDERATION—PAROL EVIDENCE.

> Though a deed recites an adequate consideration and its receipt, the grantor therein may, under a bill to set the deed aside, introduce parol evidence to deny consideration *in toto*.

Appeal from Montcalm; Davis, J. Submitted October 5, 1900. Decided November 13, 1900

Bill by Amanda Eckler against Avery E. Alden and Josephine Alden to set aside certain deeds. From a decree for complainant, defendants appeal. Affirmed.

*M. Brown,* for complainant.

*C. W. Perry* (*N. O. Griswold,* of counsel), for defendants.

MOORE, J. The defendants are husband and wife. The complainant is 78 years of age. She made to defendants deeds of certain real estate described in the bill of complaint. She filed this bill to have those deeds set aside. The witnesses were examined in open court. A decree was granted in her favor, from which decree the defendants have appealed. Their solicitors state in their brief the questions involved in this case are:

*First.* Was the deed of the property in question, under date of December 21, 1893, executed in consideration of the promise of Dr. Alden to provide a home for her, or were all negotiations and acts of the parties in relation to the care and maintenance of complainant by defendants had subsequent thereto and irrespective thereof?

*Second.* Does the law permit a grantor in a deed under seal, properly acknowledged and delivered, and reciting an adequate consideration, and its receipt by the grantor, to deny such consideration *in toto*, for the purpose of rendering the deed void?

The first of these questions is one of fact. The testimony is conflicting. The witnesses were sworn in the presence of the circuit judge, who had better opportunity to judge of their truthfulness than we have. It would not profit any one to recite here what is shown by the record. We are satisfied, from its perusal, with the conclusion reached by the circuit judge.

The answer to the second question is found in the following cases: *Church* v. *Case*, 110 Mich. 621 ( 68 N. W. 424 ); *Breitenwischer* v. *Clough*, 111 Mich. 6 ( 69 N. W. 88, 66 Am. St. Rep. 372 ); *Ford* v. *Savage*, 111 Mich. 144 ( 69 N. W. 240 ); *Clark* v. *Lowe*, 113 Mich. 352 ( 71 N. W. 638 ); and the many cases cited therein.

It is urged that, if a decree is given to the complainant, it ought to be modified, because one of the defendants had expended a good deal of money in making repairs. He has had the use of the premises for seven years. This use of the premises is quite as valuable as the sum expended in repairs.

The decree is affirmed, with costs.

The other Justices concurred.