## HAGAN v. MOCH.

1. LANDLORD AND TENANT—TENANT IN COMMON NOT BOUND WHERE CONDITION NEVER FULFILLED.

    Although one tenant in common signing lease of property may be bound thereby, he is not bound where he signed and delivered lease on condition that it was not to be binding until signed by all, and said condition was never fulfilled.

2. MINES AND MINERALS—OIL AND GAS LEASE—CONDITION PRECEDENT—CONSIDERATION.

    Where oil and gas lease was signed by one tenant in common on condition that it was not to be binding until signed by all, when consideration was to be paid, but it was never so signed and therefore no consideration paid, it never became operative, and is null and void.

3. EVIDENCE—LEASES—CONDITIONS OF DELIVERY MAY BE SHOWN BY PAROL—LANDLORD AND TENANT.

    Although the terms of a lease are conclusively presumed to embody the terms of the contract, it is competent to show, by parol, the conditions upon which the lease was to be delivered.

4. SAME—PAROL TESTIMONY—CONSIDERATION.

    Although a lease recites a consideration, the receipt of which is confessed and acknowledged therein, the true consideration, or want of consideration, may be shown by parol.

On the question of parol evidence rule as applied to lease, see annotation in 25 A. L. R. 787 *et seq.*

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 9, 1930. (Docket No. 64, Calendar No. 34,659.) Decided March 6, 1930.

Bill by Melvin W. Hagan and M. Clyde Hagan, copartners doing business as Hagan & Hagan, against Michael Moch and others to restore a deed, and establish an oil and gas lease. From a decree establishing the lease as to certain defendants, both parties appeal. Reversed, and bill dismissed.

*Cross, Foote & Sessions (Wallace Foote, of counsel), for plaintiffs.*

*Alexis J. Rogoski, for defendants.*

POTTER, J. March 30, 1907, Carl Moch owned 40 acres of land in Muskegon county. He died September 30, 1907, leaving surviving him his widow, Josephine C. Moch, seven sons, Albert, Michael, Stanley, John, Matthew, Nicholas, and Frank, and two daughters, Marie Schuler and Theresa M. Long. His estate was probated, and, December 23, 1907, was assigned by the administrator one-third to the widow and two-thirds to the nine children, giving them two twenty-sevenths each. January 5, 1928, Josephine C. Moch and John Moch entered into an agreement with the plaintiff Hagan as follows:

"Received one dollar cash on Lease.
                    "Muskegon, Mich.,
                    "Jan. 5, 1928.
    "This agreement made this day, January 5, 1928, between Mrs. J. Moch and John Moch that a lease will be given on their own property of forty acres in North Muskegon, Mich., for the purpose of drilling for oil or gas as soon as possible at a bonus of one dollar per acre to be paid when lease is given.

Drilling to be commenced inside of six months from date of lease.

"Lease to be given to Hagan and Hagan, Saginaw, Mich.

"MRS. J. C. MOCH
"JOHN MOCH.

"Witness:
J. L. MONDY
M. W. HAGAN."

January 5, 1928, Josephine C. Moch and John Moch entered into a written lease of the premises with plaintiffs of "all that certain tract of land * * * containing 40 acres more or less." This lease further provided:

"It is agreed that this lease shall remain in force for a term of one year from this date and as long thereafter as oil or gas or either of them is produced from said land by the lessee.
*  *  *

"If no well is commenced within six months from this date then this grant shall be null and void unless second party shall pay to the first party One ($1.00) Dollar annually for each acre thereafter that such commencing is delayed. The yearly rental shall be deposited to the lessor's credit in the Lumberman's Bank at Muskegon, Michigan, or its successors.

"The term of this instrument shall be for one year from the date hereof and so much longer as oil and gas shall be found in paying quantities. In case no well is drilled and no rental paid as above specified then this instrument shall be void and terminate at the option of either party."

Plaintiffs claim that, at the time the lease was made, the lessors agreed with plaintiffs they would either procure the signatures of the remaining heirs of Carl Moch, deceased, upon the lease or would procure a deed from the remaining heirs of Carl

Moch, deceased, to Josephine C. Moch so that the lease would demise the entire interest of all of the heirs of Carl Moch, deceased.

August 15, 1922, Albert Moch died, and Michael Moch was appointed as administrator. Albert Moch was a single man and left surviving him as his heirs at law Josephine C. Moch, his mother, his brothers Michael, Stanley, John, Matthew, Nicholas, and Frank, and his two sisters Marie Schuler and Theresa M. Long above named. It is the plaintiffs' claim that all the defendants knew of the execution by Josephine C. Moch and John Moch of the lease and approved the same.

It is alleged that May 1, 1928, Matthew Moch, John, Michael, Stanley, Frank, and Nicholas Moch, together with Helen Moch, wife of Nicholas Moch, and Theresa M. Long and Marie Schuler, daughters of Josephine C. Moch, executed and delivered a deed to Josephine C. Moch conveying to her all of their interest in the 40 acres of land above mentioned; that the same was delivered to Josephine Moch in order to perfect her title to the 40 acres of land in question, and that she thereby became the owner thereof. May 22, 1928, Josephine C. Moch died. Michael Moch was appointed her administrator. She left as her heirs at law Michael Moch, Stanley, Matthew, John, Frank, and Nicholas, and her two daughters, Marie Schuler and Theresa M. Long. After the death of Josephine C. Moch, the grantors in this deed destroyed the same. Plaintiffs tender by the bill of complaint $40 in rental stipulated for in the lease. The Moch heirs refuse to let the defendants begin drilling operations upon the premises. The bill asks for a restoration of the deed and the establishment and validation of the

lease. Defendants answer and deny that Josephine
C. Moch and John Moch, the lessors in the lease,
were to procure the signatures of the remaining heirs
of Carl Moch to the lease or to procure a deed from
the remaining heirs of Josephine C. Moch. They
allege the lease was signed with the express under-
standing with the plaintiff Hagan, and subject to the
condition, that if the plaintiffs failed to procure the
execution of the lease by the remainder of the heirs
of Carl Moch, he (Hagan) would return the same
to Josephine C. Moch and John Moch; that no valu-
able consideration was paid by plaintiffs for the
agreement or lease; that by reason of a breach of
this condition precedent and the failure of consider-
ation for the original lease, the same is void. They
allege the lease is for a fixed period of one year
from January 5, 1928, and so long as neither gas nor
oil was found in paying quantities, the lease never
became operative and has terminated, and plain-
tiffs' rights thereunder have been extinguished; that
plaintiffs' conduct in clouding defendants' title im-
pairs its marketability, prevents their development
of it, deprives them of an opportunity to obtain a
substantial consideration for their property and of
prospective royalties.

Plaintiffs ask that the decree of the court restore
the deed of the premises here involved, decree the
title to be in Josephine C. Moch, deceased; decree
the lease given by the heirs of Josephine C. Moch to
plaintiffs a valid lease against the entire fee simple
title of the real estate; that plaintiffs have a reason-
able time after a decree to commence drilling; that
the lease be decreed to be the lease of all of the de-
fendants as though signed by them; that the decree
provide contingently for the payment of the rental
to the clerk of the court as payment to lessors; that

a certified copy of the lease may be filed in the office of the register of deeds, and for further relief.

The defendants ask that the lease from Josephine C. Moch and John Moch be decreed void; that plaintiffs be decreed to release and surrender the same; that the decree so canceling such lease be recorded in the office of the register of deeds; that defendants have damages by reason of plaintiffs' unlawful conduct, and for other relief.

The trial court found the deed alleged to have been made, executed, and delivered to Josephine C. Moch was not so made, executed, and delivered; that the $40 for rental was not to be paid until the deed vested the title in Josephine C. Moch, and that no rental at all was actually paid; that Josephine C. Moch had 11/27ths interest and John Moch 2/27ths interest in the 40 acres of land and the lease was binding on their interest, and decreed existence of the same. Both parties appealed.

Though there are decisions which hold that one tenant in common signing a lease of property is bound thereby, we cannot amend the contract here and make it something other than the parties intended it to be. It was not to be binding on the lessors except upon condition it was signed by all, and leased all the property. It was not so signed. The condition precedent to its binding force and effect, subject to the fulfillment of which it was turned over to Hagan for plaintiffs, was never performed. The lease never became valid and binding upon any of the lessors and is without force and effect. No consideration was paid for this lease at the time it was executed. None was intended to be paid until the condition precedent to its effective operation was fulfilled. The consideration of the lease of all this 40 acres was to belong to the owners of all the interests

therein in accordance with their respective interests. No consideration was ever paid to them. The lease never became operative, and is null and void.

Though the terms of a lease are conclusively presumed to embody the terms of the contract, it is competent to show, by parol, the conditions upon which the lease was to be delivered. *Fulton* v. *Priddy,* 123 Mich. 298 (81 Am. St. Rep. 201) ; 11 Am. & Eng. Enc. Law (2d Ed.), 343. And though the lease recites a consideration, the receipt of which is confessed and acknowledged by the lease, the true consideration, or want of consideration, may be shown by parol. *Church* v. *Case,* 110 Mich. 621; *Breitenwischer* v. *Clough,* 111 Mich. 6 (66 Am. St. Rep. 372) ; *Ford* v. *Savage,* 111 Mich. 144; *Clark* v. *Lowe,* 113 Mich. 352; *Eckler* v. *Alden,* 125 Mich. 215; *Scovel* v. *City of Detroit,* 159 Mich. 95. Though the lease in question was delivered to plaintiffs, it was delivered upon condition that all the signatures of all of the owners of interests in the land were to be procured before it was to be operative.

"Manual delivery is not always delivery in law, so as to operate to pass the title. If the circumstances be such as to indicate a conditional, rather than an absolute, delivery, then no title passes until the condition be fulfilled." *Chick* v. *Sisson,* 95 Mich. 412; *Wisconsin & Michigan Railway Co.* v. *McKenna,* 139 Mich. 43.

The conditions under which this lease was delivered were never fulfilled, and the lease never became operative. Defendants who signed the lease were not bound thereby. The decree of the trial court is reversed, the lease canceled, and the bill of complaint dismissed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.