### TEPSICH *v.* HOWE CONSTRUCTION COMPANY.

1. Evidence—Parol—Quitclaim Deed Absolute in Form.
   Parol testimony is inadmissible to contradict or add to the terms of a quitclaim deed that is absolute in form, where there is no claim of fraud, mistake, or lack of consideration.

2. Deeds—Quitclaim—Parol Evidence.
   Judgment for plaintiffs in suit to obtain reconveyance of land which they had conveyed to defendant is reversed, where the sole evidence upon which the judgment was based was barred as being parol evidence to vary or add to the terms of a quitclaim deed that was absolute in form, such evidence showing deed had been given to eliminate from record plaintiffs' option to reconvey that was objectionable to prospective lessees, and no claim is made that there was fraud, mistake, or lack of consideration therefor.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted February 6, 1964. (Calendar No. 51, Docket No. 50,279.) Decided July 8, 1964. Rehearing granted May 13, 1965.

Bill by Theodore M. Tepsich and Rela T. Tepsich against Howe Construction Company and Capitol Plaza, Inc., Ohio corporations, to obtain reconveyance of real estate under reverter clauses in agreements to develop land as a shopping center. Judgment for surviving plaintiff. Defendants appeal. Reversed and remanded.

*Glassen, Parr, Rhead & McLean,* for plaintiffs.

*Roger H. Nielsen* and *Raymond L. Scodeller,* for defendants.

---

References for Points in Headnotes
[1, 2]  16 Am Jur, Deeds § 445.

SMITH, J.    Defendants appeal from a judgment ordering reconveyance to plaintiffs of a certain parcel of land if defendant should fail to comply with the other provisions of the judgment as hereinafter set forth.    On August 6, 1956, plaintiffs, who were owners of a parcel of realty, now a part of the city of Lansing, entered into a preliminary agreement with defendant Howe Construction Company, whereby the latter was given an option to purchase said land.    The agreement provided that optionee, upon exercising the option, should immediately proceed to form a corporation for the purpose of constructing and operating a shopping center on said premises.    In addition to providing for a purchase price of $35,000, the manner of its payment, and liability for taxes and assessments, the agreement entitled plaintiffs to the option of purchasing 25% of the outstanding common stock of the corporation to be convertible into debentures at plaintiffs' option upon completion of the center.

Thereafter, defendant Capitol Plaza, Inc., was organized for the purpose of erecting and operating the shopping center and, on January 8, 1957, entered into an agreement with plaintiffs, whereby Capitol exercised the aforementioned option to purchase which had been assigned to it by defendant Howe Construction.    This agreement also gave plaintiffs an option to demand reconveyance which could be exercised if the premises were not devoted to shopping center usage within 3 years from date of deed delivery.    This deed, a warranty deed, which incorporated the option for reconveyance, was executed May 27, 1958.    Later, plaintiffs executed a quitclaim deed to extinguish the option, of record.    It is this deed around which the controversy centers.

Plaintiffs claim that defendants breached the agreements in numerous ways, and thus instituted the present suit for preliminary injunction, damages,

reconveyance, and general equitable relief. Defendant Capitol Plaza, by cross bill, sought damages and equitable relief, alleging that plaintiffs breached their contract by misleading defendants as to availability of financing and by otherwise obstructing performance by defendants.

The trial court entered judgment for plaintiffs which provided as follows:

(a) Defendants, within 60 days, should pay all delinquent taxes and assessments on the property and reimburse Theodore M. Tepsich, surviving plaintiff, for taxes and assessments in the amount of $10,980.19, paid by plaintiffs.

(b) Defendants should, within 6 months, pay to surviving plaintiff the additional sum of $34,000 plus interest at 6% per annum computed from January 8, 1957, said amount constituting the unpaid portion of the purchase price.

(c) Defendants should, within 1-1/2 years, start construction of a shopping center on subject land, under a bona fide construction contract, which should involve "having firm committed leases" totaling a minimum annual rental of $125,000.

(d) If defendant should fail to comply with the above 3 provisions, *defendants are required to reconvey to plaintiffs the premises in question.*

On September 24, 1958, plaintiffs executed to defendant Capitol Plaza the quitclaim deed, mentioned above, to the premises. Defendants say that this quitclaim deed was executed for the purpose of eliminating, of record, plaintiffs' option to reconvey because it was found to be objectionable by several prospective lessees. Plaintiffs do not deny the purpose but claim that, as between the parties, the quitclaim deed was not intended to extinguish the option. Testimony to this effect was presented by plaintiffs' attorney, appearing as a witness, and received over objection, both as being violative of

the parol-evidence rule, and of the attorney-client privilege. The latter point was strenuously urged by defendants. It is their claim that plaintiffs' attorney had acted as attorney or agent for defendants in certain legal and promotional activities in connection with the proposed shopping center, and inasmuch as the same subject matter is involved in this litigation, defendants claim that they may invoke the attorney-client privilege.

The decisive issue here is whether or not parol evidence was admissible to contradict terms of the quitclaim deed given by the plaintiffs. Neither fraud, mistake, nor lack of consideration is claimed here. The quitclaim deed executed by plaintiffs to defendant Capitol Plaza was absolute in form and therefore parol testimony was inadmissible to contradict its terms. The case comes within the rule recited in *Wild* v. *Wild,* 266 Mich 570. In that case, it was held, among other things, that where sons of a widow quitclaimed interests in their deceased father's estate to the mother, allegedly pursuant to a parol contract of equal distribution upon her death, parol testimony was not admissible to contradict or add to the terms of a quitclaim deed absolute in form. This Court held at pp 576, 577, as follows:

"The quitclaim deed was absolute in form. It is presumed to contain the agreement made by the parties at the time. When the parties to a contract or agreement deliberately reduce it to writing, executed with the formalities of a deed, it is so conclusively presumed to embody the whole contract that parol evidence is inadmissible to contradict it or add to its terms."

For this reason alone the testimony should have been barred. There being no other testimony, concededly, upon which judgment for reconveyance could rest, the judgment is reversed and the cause

remanded for entry of a judgment not inconsistent
with this opinion.

Reversed and remanded.   Costs to appellants.

Kavanagh, C. J., and Dethmers, Kelly, Souris,
O'Hara, and Adams, JJ., concurred with Smith, J.

Black, J., concurred in result.