### TEPSICH v. HOWE CONSTRUCTION COMPANY.

#### ON REHEARING.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.
    The Supreme Court reviews a chancery case *de novo* on the record.

2. EVIDENCE—PRIVILEGED COMMUNICATION—ATTORNEY AND CLIENT.
    Denial of defendants' objection to testimony by plaintiffs' counsel because of alleged violation of the attorney-client privilege *held*, not error, where it is found as a fact that although plaintiffs' attorney handled some matters for defendants, there was no attorney-client relationship between plaintiffs' counsel and the defendants as to the subject matter of the controversy here involved.

3. SAME—PAROL EVIDENCE—EXCEPTION.
    Generally, parol testimony is inadmissible to contradict or add to the terms of a quitclaim deed that is absolute in form, where there is no claim of fraud, mistake, or lack of consideration, but there is an important exception to such rule that such evidence is always competent to show the nonexistence of a contract even though as between other parties the contract is not a sham.

4. DEEDS—QUITCLAIM—INTENT.
    The Supreme Court finds as a fact that quitclaim deed, given by plaintiffs to purchaser of property to be used for a shopping center, was not intended to convey away the right to demand reconveyance permanently, but only to remove it from the record so that national leases could be obtained, notwithstand-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 822.
[2] 58 Am Jur, Witnesses §§ 473 *et seq.*
[3–5] 20 Am Jur, Evidence §§ 1094, 1097.

ing the trial court had not made such a finding of fact even though the result reached indicates a finding on its part to such effect.

5. Evidence—Parol Evidence—Quitclaim Deed as Sham.

Parol evidence *held*, properly admitted in suit to obtain reconveyance of real estate under reverter clause, so as to show that as between the parties to the transaction a quitclaim deed given by plaintiffs to the defendants was intended as a sham and not a permanent relinquishment of right of reverter.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted July 26, 1965. (Calendar No. 24, Docket No. 50,279.) Decided December 7, 1965.

Bill by Theodore M. Tepsich and Rela T. Tepsich against Howe Construction Company and Capitol Plaza, Inc., Ohio corporations, to obtain reconveyance of real estate under reverter clauses in agreements to develop land as a shopping center. Judgment for surviving plaintiff. Defendants appeal. Reversed and remanded, at 373 Mich 404. On rehearing, judgment of lower court affirmed.

*Glassen, Parr, Rhead & McLean (H. W. Glassen,* of counsel), for plaintiffs.

*Roger H. Nielsen* and *Raymond L. Scodeller,* for defendants.

ON REHEARING.

T. M. KAVANAGH, C. J. This case is here on rehearing granted as to all issues. The original opinion is recorded in 373 Mich 404.

Defendants appeal from a judgment ordering reconveyance to plaintiffs of a certain parcel of land if defendants should fail to comply with the other provisions of the judgment as hereinafter set forth.

On August 6, 1956, plaintiffs, who were owners of a parcel of realty, now a part of the city of Lansing, entered into a preliminary agreement with defendant Howe Construction Company, whereby the latter was given an option to purchase said land. The agreement provided that optionee, upon exercising the option, should immediately proceed to form a corporation for the purpose of constructing and operating a shopping center on said premises. In addition to providing for a purchase price of $35,000, the manner of its payment, and liability for taxes and assessments, the agreement entitled plaintiffs to the option of purchasing 25% of the outstanding common stock of the corporation to be convertible into debentures at plaintiffs' option upon completion of the center.

Thereafter, defendant Capitol Plaza, Inc., was organized for the purpose of erecting and operating the shopping center and, on January 8, 1957, entered into an agreement with plaintiffs, whereby Capitol exercised the aforementioned option to purchase which had been assigned to it by defendant Howe Construction. This agreement also gave plaintiffs an option to demand reconveyance which could be exercised if the premises were not devoted to shopping center usage within 3 years from date of deed delivery. This deed, a warranty deed, which incorporated the option for reconveyance, was executed May 27, 1958. Later, plaintiffs executed a quitclaim deed to extinguish the option, of record. It is this deed around which the controversy centers.

Plaintiffs claim that defendants breached the agreements in numerous ways, and thus instituted the present suit for preliminary injunction, damages, reconveyance, and general equitable relief. Defendant Capitol Plaza, by cross bill, sought damages and equitable relief, alleging that plaintiffs breached

their contract by misleading defendants as to availability of financing and by otherwise obstructing performance by defendants.

The trial court entered judgment for plaintiffs which provided as follows:

(a) Defendants, within 60 days, should pay all delinquent taxes and assessments on the property and reimburse Theodore M. Tepsich, surviving plaintiff, for taxes and assessments in the amount of $10,980.19, paid by plaintiffs.

(b) Defendants should, within 6 months, pay to surviving plaintiff the additional sum of $34,000 plus interest at 6% per annum computed from January 8, 1957, said amount constituting the unpaid portion of the purchase price.

(c) Defendants should, within 1-1/2 years, start construction of a shopping center on subject land, under a bona fide construction contract, which should involve "having firm committed leases" totaling a minimum annual rental of $125,000.

(d) If defendant should fail to comply with the above three provisions, *defendants are required to reconvey to plaintiffs the premises in question.*

On September 24, 1958, plaintiffs executed to defendant Capitol Plaza the quitclaim deed, mentioned above, to the premises. Defendants say that this quitclaim deed was executed for the purpose of eliminating, of record, plaintiffs' option to reconvey because it was found to be objectionable by several prospective lessees. Plaintiffs do not deny the purpose but claim that, as between the parties, the quitclaim deed was not intended to extinguish the option. Testimony to this effect was presented by plaintiffs' attorney, appearing as a witness, and received over objection, both as being violative of the parol-evidence rule, and of the attorney-client privilege. The latter point was strenuously urged by defendants.

It is their claim that plaintiffs' attorney had acted as attorney or agent for defendants in certain legal and promotional activities in connection with the proposed shopping center, and inasmuch as the same subject matter is involved in this litigation, defendants claim that they may invoke the attorney-client privilege.

Two questions are presented to this Court for disposition.

The first question—considered by the Court decisive in its previous opinion (p 407)—is whether or not parol evidence was admissible to contradict terms of the quitclaim deed given by the plaintiffs.

The second question is whether the lower court should have prohibited plaintiffs' attorney from testifying against his former clients.

We shall dispose of the second question first. This is a chancery case. On such an appeal we consider the matter *de novo*. An examination of the record, and particularly the exhibits, discloses that from the beginning of the transaction plaintiffs' counsel represented only the plaintiffs The record further discloses that defendants at all times recognized him as acting only for the plaintiffs as to the subject matter of this suit. We find as a fact that although plaintiffs' attorney handled some matters for defendants, there was no attorney-client relationship between plaintiffs' counsel and the defendants as to the subject matter of this controversy. It follows that the trial court did not err in denying defendants' objection to plaintiffs' counsel's testimony on the grounds it violated the attorney-client privilege.

The question of whether or not parol evidence was admissible to contradict terms of the quitclaim deed given by the plaintiffs is a more difficult one. Plaintiffs' testimony was to the effect that the quitclaim

deed was given solely for the purpose of permitting defendant Capitol Plaza, Inc., to obtain leases on the premises so as to be able to complete the shopping center. Plaintiffs admit that as to the rights of the lessees the quitclaim deed would be valid and binding. Plaintiffs contend, however, that as between the parties the deed was a mere sham and not intended to cancel the right to demand reconveyance to plaintiffs on failure of defendants to construct the shopping center.

The only evidence in the record to indicate defendants' intention is that of defendants' counsel, who said during the trial:

"Now I am not claiming that we, that Capitol Plaza owns this free and clear or that this agreement of January 8th is null and void. They are still bound to this agreement and I think the Court should set a time."

And then after discussing what should be taken into consideration in establishing a proper time length, financing, leasing, et cetera, he said:

"Either it can be done or it can't and if it can't within a reasonable time, give the land back."

The general rule of law with respect to parol evidence is as stated by the Court in its opinion in the first case, 373 Mich 404; however, the Court erred by failing to take into consideration the exceptions which provide that parol evidence is always competent to show the nonexistence of a contract. Oral evidence is admissible, as between the parties to a written agreement and their privies, to show that the writing was a sham not intended to create legal relations. See 71 ALR2d 382 and cases therein cited. This rule is followed "even though it is not a sham as to other parties thereto." 71 ALR2d 384. Michigan has followed this rule in a number of cases. See

*Mardon* v. *Ferris,* 328 Mich 398, in which the Court stated (p 400):

"Defendant's chief contention is that parol evidence concerning the alleged oral agreement, varying the terms of the written agreement, was inadmissible. The function of the parol evidence, however, was not to vary the terms of the written agreement, but, rather, to show that it was entirely void because it never had represented a meeting of the minds between the parties nor been intended by them to be binding.

"In *Church* v. *Case,* 110 Mich 621, 624, this Court quoted with approval from *Atwood* v. *Gillett & Desnoyers,* 2 Doug (Mich) 206, 218, the following:

" 'Where parol evidence is offered to show that the written contract is void or not of binding force, it is admissible; but, if the object be to prove that it was intended to mean something different from what its language imports, it is inadmissible.'

"In *Woodard* v. *Walker,* 192 Mich 188, 191, this Court said:

" 'The defendant relies upon the written contract, and insists that it should prevail instead of the alleged oral agreement. The complainant does not seek to vary the terms of the written contract, but insists that it was never intended that the written agreement should have any force. That in substance it was executed to avoid jealousy on the part of defendant's own children, and thereby to avoid trouble to himself. *Inasmuch as the contest is between the original parties to the written contract, this defense is permissible under the law. Church* v. *Case,* 110 Mich 621, and cases therein cited.' (Italics supplied.)

"See, also, *Roosevelt Park Protestant Reformed Church* v. *London,* 293 Mich 547, 552, involving a claim that the written contract therein was but a sham to conceal the true situation created by an oral agreement and in which recognition is given to the rule in the *Woodard* and *Church Cases.*"

An examination of the record in this case discloses and we find as a matter of fact that it was not the intent of the parties to permanently convey away the right to demand reconveyance, but only to remove it from the record, so that national leases could be obtained. Although the trial court did not make such a finding of fact, the result it reached indicates a finding on its part to that effect.

We conclude, therefore, that the trial court did not err in permitting parol testimony to show that the quitclaim deed was a sham and not intended to create legal relations.

Since we conclude that this Court's decision in the previous case was based on the false premise that the facts brought it under the general parol evidence rule rather than its exceptions, we reverse our holding in *Tepsich* v. *Howe Construction Co.,* 373 Mich 404.

The judgment of the trial court is affirmed. The case is remanded to the circuit court for the purpose of entering a new judgment providing for a reasonable time for the defendants to comply with the judgment. Appellees shall have costs.

DETHMERS, KELLY, SOURIS, O'HARA, and ADAMS, JJ., concurred with T. M. KAVANAGH, C. J.

BLACK and SMITH, JJ., concurred in result.